# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DENO EUGENE WOODIS,
Inmate No. 054254-8,

                              Plaintiff,

            vs.

JAMES BROWN, et al.,

                              Defendants.

Civil No.    08-2133 WQH (NLS)

**ORDER DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A**

## I.    Procedural History

On November 14, 2008, Plaintiff, a state inmate currently incarcerated at Atascadero State Hospital located in Atascadero, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a Motion for Appointment of Counsel  [Doc. No. 3].  The Court granted Plaintiff's Motion to Proceed *IFP* but sua sponte dismissed his Complaint for lack of proper venue,  failing to state a claim and as frivolous pursuant 28 U.S.C. §§ 1915(e)(2) & 1915A.  *See* Jan. 15, 2009 Order at 8-9.

1    Nonetheless, the Court granted Plaintiff leave to file a First Amended Complaint in order
2    to correct the deficiencies of pleading identified by the Court. *Id.* On February 12, 2009,
3    Plaintiff filed his First Amended Complaint ("FAC").

4    **II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

5        As the Court previously stated, the Prison Litigation Reform Act ("PLRA") obligates the
6    Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who
7    are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated
8    delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial
9    release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §
10   1915(e)(2) and § 1915A(b).  Under these provisions, the Court must sua sponte dismiss any IFP
11   or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim,
12   or which seeks damages from defendants who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B) and
13   § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.
14   § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.
15   2000) (en banc) (noting that 28 U.S.C.  § 1915(e) "not only permits but requires" the court to
16   sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*,
17   213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

18       Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
19   dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is
20   frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,
21   324 (1989).  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court
22   reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting
23   service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*,
24   254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601,
25   604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur
26   "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d
27   1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).
28   / / / /

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's First Amended Complaint, once again, fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Here, the claims in Plaintiff's First Amended Complaint are incomprehensible and incoherent.  There are no factual allegations that are clear enough for the Court to even determine whether Plaintiff has stated a claim against any of the named Defendants.  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Here, the Court finds Plaintiff's claims to be frivolous under 1915(e)(2)(B) because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.  Thus, Plaintiff's First Amended Complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

/ / /

/ / /

**III.     Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief could be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.**  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  February 26, 2009

**WILLIAM Q. HAYES**
United States District Judge